IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PORSHA GRAY                                                                                    PLAINTIFF

v.                                              Civil No. 4:20-cv-04033

JOEY DAVIS, Investigator; CASEY PARKER,
Investigator; and SHERIFF BRYAN MCJUNKINS,
Howard County, Arkansas                                                            DEFENDANTS

## ORDER

Before the Court is Plaintiff Porsha Gray's *pro se* complaint filed pursuant to 42 U.S.C. §

1983.  (ECF No. 1).  Plaintiff is proceeding *in forma pauperis*.  (ECF No. 3).  The case is before

the Court for preservice screening under the provisions of the Prison Litigation Reform Act

("PLRA").

## I.  BACKGROUND

Plaintiff is currently "serving a sentence as a result of a judgment of conviction."  (ECF

No. 1, p. 4).  Her claims in the instant lawsuit are based on the alleged inadequate investigation of

Plaintiff's criminal charge for theft by receiving and her subsequent arrest, detention, and

conviction in Howard County, Arkansas.   Plaintiff names Joey Davis and Casey Parker,

investigators for Howard County, Arkansas, as Defendants in this lawsuit.  She also names Bryan

McJunkins, Sheriff of Howard County, Arkansas, as a Defendant.

Plaintiff alleges that in December 2019, and February 2020, Defendants violated her

constitutional rights when they were involved in "self incrimination unlawfull attempt to obtain

confesson or statement that lead to false charges and false imprisment . . . harm is a felony on my

record lost mental emotional and physical harm and lost time."  (ECF No. 1, p. 4).  Plaintiff states

in a grievance attached to the Complaint that she was charged "with theft by receiving that I pled

out to by the advice of my aturney Diana Stone."  (ECF No. 1, p. 8).

Plaintiff goes on to describe her claim in part as follows:

When I was charged with theft by reciving, the vehicle that was wrecked by my co-defendant was never reported stole.  Therefor there was never a crime committed.  I was under savir destress in the Emergency room and do not even remember the ride from Er to the Shariff's department, all I can remember is being surrounded by Sheriff McJunkines,  Investagater Joey Davis and Casey Parker.  I was never booked in or arrested that day. . . . I received a call from an investagater a week later stating I was to be at court Dec 18. When I was at court awaiting to see the Judge I was pulled to the side by investagater Joey Davis, and was told to leave Court and go to the police station to give a statement.  When I arrived I was booked in.  I don't remember giving a statement or signing my rights.  I know for a fact the truck I was in that was wrecked by my co-defendant was took from Saline County.  The vehical was not reported stolen at the time of the wreak.  It was a false charge in Howard County.  I was forced to plea out.

. . .

When I filled a grievance I was pulled out my cell by investigate Joey Davis and Casey Parker and told even tho crime was not committed in Howard County they got me a better deal of theft by receiving in Howard County.  Im a first time offender and no felonies and a few mistemenors.  There are people here including my co-defendant that got better deals than me.

(ECF No. 1, pp. 10-11).  Plaintiff proceeds against all Defendants in their official and individual capacities.  She is seeking compensatory and punitive damages.  In addition, she states, "I want this County thurly investigated for there inconsistancey of charging people and sentencing people.  I want the 2 investagerts and sheriff repromandad."  (ECF No. 1, p. 7).

Research by the Court indicates that on January 8, 2020, Plaintiff pled guilty to felony theft by receiving in Howard County Circuit Court.  *State v. Gray*, 31CR-20-3 (Howard Cty. Cir. Ct. Ark.) (Arkansas CourtConnect).  On January 13, 2020, Plaintiff was sentenced to one-hundred eighty (180) days in prison and sixty (60) months of probation.  *Id.*

## II.  LEGAL STANDARD

The Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In conducting the screening , the Court is required to identify any cognizable claims and to dismiss

the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's claims against Defendants are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims against Defendants are based on the investigation of a crime for which Plaintiff was charged and arrested.  Plaintiff was represented by counsel and entered a negotiated plea of guilty to felony theft by receiving, for which she was convicted and sentenced.  Plaintiff has not alleged that her state court conviction has been overturned, vacated, or otherwise

3

invalidated.  To the contrary, she acknowledges she is still serving the sentence for the conviction at issue.  Plaintiff may not use the civil rights statutes as a substitute for direct appeal or for *habeas corpus* relief.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).  Accordingly, the Court finds that the claims in Plaintiff's complaint are barred by the *Heck* doctrine and must be dismissed.

### IV.  CONCLUSION

Because Plaintiff's claims as to all Defendants are barred by *Heck*, these claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

**IT IS SO ORDERED**, this 15th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

4